UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM JAMES ROLLINS,

       Petitioner,                      Case No. 2:25-cv-11849

v.                                     Hon. Brandy R. McMillion
                                          United States District Judge

ERIC RARDIN,

       Respondent.
_____/

## OPINION & ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO.13) AND DISMISSING HABEAS PETITION

This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2241. At the time he instituted this action, Petitioner Adam James Rollins ("Rollins") was a federal inmate serving a 120-month sentence for a federal drug offense at the Federal Correctional Institution in Milan, Michigan. *See generally* ECF No. 1. In his habeas petition and supporting brief, he raises claims concerning his eligibility to receive and use sentencing credits under the First Step Act. *Id*. His requested relief is to have BOP release him to a Residential Reentry Center ("RRC") or to Home Confinement. *Id*. Respondent recently filed a Motion to Dismiss the Petition on mootness grounds because Petitioner's was no longer in BOP custody. *See* ECF No. 13, PageID.57. They argue that Rollins concedes as much by filing a Notice of Change of Address. *See id.* (citing ECF No. 12, PageID.53) (stating Rollins address

1

would change effective September 11, 2025 to a residential address in Iowa).

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Thomas Sysco Food Svs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (habeas claim is moot when the court no longer has power to grant the requested relief).

Respondent argues that this case is moot, as Rollins has already been released from federal custody. *See* ECF No. 13, PageID.57. As of the date of filing, Respondent attaches a printout from the BOP's Inmate Locator database which indicates that Petitioner was "NOT IN BOP CUSTODY". *See* ECF No. 13-1,

PageID.61.  The Court also searched the BOP Inmate Locator and notes that Rollin is listed as "Located at: Minneapolis RRM."  *See* Petitioner's Inmate Profile, BOP Inmate Locator, https://www.bop.gov/inmateloc/ (accessed on Jan. 11, 2026).[1] Because Rollins has been released to a RRC or Home Confinement, the Court concludes that there is no longer any case or controversy for the Court to resolve. As there is no further relief for Court to grant on Rollins's habeas claims, this case has been rendered moot; and the habeas petition must be dismissed on that basis.

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss (ECF No. 13).

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated:  January 12, 2026            s/Brandy R. McMillion
     Detroit, Michigan            HON. BRANDY R. MCMILLION
                                                              United States District Judge

---

[1] Minneapolis RRM is the Residential Reentry Management Field Office for the North Central Region, located in Minneapolis, MN.  The RRM is responsible for managing federal offenders in RRCs or on Home Confinement.  *See* https://www.bop.gov/locations/ccm/cms/